BARNES, Judge,
concurring.
I fully concur with Judge May’s conclusion that the search here fell far short of the requirements for a constitutional inventory search.
I write to explicitly and directly address the concerns that may arise as a result of our decision. Indiana Code Section 35-33-5-5(a) specifically outlines what must be done with regard to “inventory” that is recovered during an inventory search. The statute provides,. “All items of property seized by any law enforcement agency as a result of an arrest, search warrant, or warrantless search, shall be securely held by the law enforcement agency under the order of the court trying the cause, except as provided in this section.” Ind.Code § 35-33-5-5(a). I have voted to uphold inventory searches in cases such as Jones v. State, 856 N.E.2d 758 (Ind.Ct.App.2006), and Whitley v. State, No. 49A02-1501-CR-50 (Ind.Ct. App. Dec. 7, 2015). I did so because there was at least some semblance of comportment with constitutional and statutory requirements, and I felt comfortable some effort had been made to comply.
There was no evidence of that happening here. No inventory, no listing of property, no taking of the car to an impoundment lot before searching, no securing of the property seized, no nothing. Following the "outlined Indiana Code and constitutional requirements, as well as police department protocols regarding inventory searches, protects police officers from claims of theft, abuse of authority, evidence planting, and the like. There is no such protection when there is a lack of evidence as to protocols and the inventorying and securing of property. I am not suggesting that anything less than punctilious and exaggerated compliance will suffice, but there has to be more than was exhibited here. Thus, I fully concur with Judge May’sopinion.